## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR00-3020-MWB |
| vs. | **ORDER** |
| PABLO ORTEGA, | |
| Defendant. | |

_____

The defendant has filed a motion (Doc. No. 194) asking the court to reconsider its order of May 21, 2007 (Doc. No. 193) denying his request for an order directing his former counsel to provide the defendant with a copy of counsel's complete case file. In the May 21st order, the undersigned held the defendant had failed to show any basis for tolling the one-year statute of limitations applicable to a motion for relief pursuant to 28 U.S.C. § 2255. In his current motion to reconsider, the defendant states he is relying on the one-year statute of limitations specified in paragraph six, subsection three, of section 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>  . . .
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . .

28 U.S.C. § 2255. The defendant asserts that "he will rely upon the Supreme Court's recent holding in *Lopez v. Gonzales*, 127 S. Ct. 625, 633 (2006)." (Doc. No. 194, p. 1)

In *Lopez*, the Supreme Court considered whether an alien's conviction under state law constituted an "aggravated felony" that would disqualify the alien from discretionary cancellation of removal under the Immigration and Nationality Act. Lopez, an illegal alien, pleaded guilty in South Dakota to charges of aiding and abetting another person's possession of cocaine. After Lopez was released from prison, the Immigration and Naturalization Service began removal proceedings. One of the bases for the removal proceedings was the contention that Lopez's state conviction was for an aggravated felony. As the Court observed, "An aggravated felony on a criminal record has worse collateral effects than a felony conviction simple. Under the immigration statutes, for example, the Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony." *Lopez*, 127 S. Ct. at 628. Aggravated felonies also subject a convict to greater penalties under the federal Sentencing Guidelines than do other felonies. *Id*.

Under immigration law, if Lopez's drug offense was an "aggravated felony," then he would be disqualified from discretionary cancellation of removal. Although the conduct underlying Lopez's conviction was a felony under South Dakota law, it was a misdemeanor under the Controlled Substances Act ("CSA"). Lopez argued that because the offense was not a felony under the CSA, it was not an aggravated felony for purposes of his eligibility for discretionary cancellation of removal. The Immigration Judge initially agreed, but later reversed his position and held that because Lopez's drug crime was a felony under state law, it was an aggravated felony for purposes of immigration law. The Immigration Judge's turnabout was based on a Board of Immigration Appeals pronouncement that BIA decisions would conform to applicable Circuit law. The Immigration Judge therefore looked to the Eighth Circuit Court of Appeals's holding that state felony possession

offenses constitute aggravated felonies. *Lopez*, 127 S. Ct. at 628 (citing, *inter alia*, *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997) (*per curiam*)).

Thus, for purposes of Lopez's deportation proceedings under immigration law, the Supreme Court considered "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.' 18 U.S.C. § 924(c)(2)." *Lopez*, 127 S. Ct. at 627; *see id.* at 628. The Supreme Court reversed the judgment, holding as follows:

> [W]e hold that a state offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that federal law."

*Lopez*, 127 S. Ct. at 633. Because Lopez's state offense was punishable as a misdemeanor under federal law, rather than as a felony, the offense could not be treated as a "felony punishable under the Controlled Substances Act." *Id.*

In the present case, the defendant has offered no facts, citations to authorities, or argument to show how *Lopez* is relevant to his request to file a 2255 motion out of time. The defendant was convicted in this court of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), which is a felony under the CSA. There is no indication in the defendant's Presentence Investigation Report, Sentencing Recommendation, or transcript of sentencing that indicates the defendant had a state felony conviction that was erroneously treated as a felony under CSA for any purpose. He has failed to show how the Supreme Court's statutory interpretation set forth in *Lopez* bears any relationship whatsoever to his conviction or sentence, nor does the court believe he could make such a showing.

The defendant's motion to reconsider (Doc. No. 194) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4

Case 3:00-cr-03020-LRR   Document 195   Filed 06/04/07   Page 4 of 4